UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAKAN CHAMEL MILLS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DR. EL SAID,<br><br>　　　　　Defendant. | CASE No. 1:16-cv-00731-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 1)**<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. No other parties have appeared in the action.

Plaintiff's complaint is now before the Court for screening.

**I.　Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion

thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III. Plaintiff's Allegations

Plaintiff is incarcerated at California Correctional Institution ("CCI") in Tehachapi, California, where the acts giving rise to his complaint occurred. He names Dr. El Said as Defendant.

Plaintiff's allegations may be summarized essentially as follows:

On June 8, 2015, Plaintiff was assaulted by CCI Correctional Officers.[1] Afterward, Defendant came to examine him. Defendant gave Plaintiff a dirty shirt to wipe the dirt and blood off of him and stated, "It's superficial, the next time I come to examine you, you'll get a prostate exam." Later that night, Plaintiff refused treatment from the nurse due to his fear of being sexually assaulted. That same night, he was sent to a different yard and requested medical attention. He was seen by medical staff and diagnosed with blunt head trauma, cerebral hemorrhage, and blurred vision. He was rushed to an outside hospital for a CT scan. Plaintiff continues to have blurred vision and needs glasses.

Plaintiff seeks money damages.

## IV.    Analysis

### A.    Inadequate Medical Care

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347).

For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

---

[1] The assault is the subject of a separate suit, Case No. 1:16-cv-689-MJS (PC).

3

"Indications that a plaintiff has a serious medical need include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic or substantial pain." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation and internal quotation marks omitted); accord Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).

Deliberate indifference, which is the subjective element of an Eighth Amendment claim, is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm, 680 F.3d at 1122. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1977); Snow, 681 F.3d at 987-88; Wilhelm, 680 F.3d at 1122.

Where a prisoner alleges deliberate indifference based on a delay in medical treatment, the prisoner must show that the delay led to further injury. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); McGuckin, 974 F.2d at 1060a; Shapley v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam). Delay which does not cause harm is insufficient to state a claim of deliberate medical indifference. Shapley, 766 F.2d at 407 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Finally, "[a] difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm, 680 F.3d at 1122-23 (citing Jackson v.

4

McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Here, Plaintiff's allegations of blunt force trauma, cerebral hemorrhage, and blurred vision are sufficient to allege a serious medical need. Additionally, the threats made by Defendant, combined with Defendant's refusal to offer treatment, are sufficient to allege deliberate indifference to that need. However, Plaintiff has not alleged that he was harmed by the minimal delay in receiving treatment. While Plaintiff clearly alleges that he continues to suffer lasting effects from his injuries, he has alleged no facts to suggest that those effects resulted from Defendant's delay in offering treatment, rather than from the initial injuries themselves.

Plaintiff will be given leave to amend. If he chooses to do so, he must allege facts to suggest that Defendant's delay led to further injury.

**B.  Verbal Threats**

Verbal threats, harassment and abuse, in themselves, do not rise to the level of a constitutional violation. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Plaintiff's claim that he was threatened with sexually assault does not state a cognizable claim for relief.

**V.  Conclusion and Order**

Plaintiff's complaint does not state a cognizable claim for relief. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff chooses to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff

must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;
2. The Clerk's Office shall send Plaintiff a blank civil rights complaint form and a copy of his complaint, filed May 26, 2016;
3. Within thirty (30) days from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal; and
4. If Plaintiff fails to file an amended complaint or notice of voluntary dismissal, this action will be dismissed, with prejudice, for failure to comply with a court

order and failure to state a claim, subject to the "three strikes" provision set forth in in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:  August 3, 2016                          /s/ *Michael J. Seng*
                                                                  UNITED STATES MAGISTRATE JUDGE